## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DELMOND COZART, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | )  Case No. CIV-25-90-R |
| | ) |
| TULSA DISTRICT COURT | ) |
| et al., | ) |
| | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

Delmond Cozart, a pro se Oklahoma inmate housed at the Lawton Correctional Facility, seeks civil rights relief under 42 U.S.C. § 1983. Doc. 1.[1] Plaintiff names as Defendants the Tulsa District Court, Tulsa District Judge David Guten, and the City of Tulsa. *Id.* at 1, 4-5. United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Doc. 4. The undersigned recommends the Court transfer this action to the United States District Court for the Northern District of Oklahoma.

**I.   Plaintiff's claims.**

Plaintiff claims violations of his 4th, 8th, and 14th Amendment rights. Doc. 1, at 7. He sues Tulsa District Judge David Guten for "violating [his]

---

[1]   Citations to a court document are to its electronic case filing designation and pagination. Except for capitalizations, quotations are verbatim unless indicated.

rights [and] the City of Tulsa [and] the Tulsa District Court House for employing a curupted judge without any safeguards allowing the wrong doings accure." *Id.* Plaintiff alleges Judge Guten "issued an invalid warrant for [Plaintiff's] arrest" and "commit[ed] the criminal offense of perjury on the finding of probable cause/warrant for arrest," which thus "subject[ed] [Plaintiff] to be false imprisoned." *Id.* at 10. Plaintiff also alleges Judge Guten's failure to recuse at Plaintiff's bond hearing, *Allen* hearing, and trial violated Plaintiff's rights. *Id.*

Plaintiff seeks "monetary relief for punitive damage [he] suffered for the wrong doing of $15,000,000 [and] $20,000 from each Defendant every time [his] rights [were] violated [and] injunctive relief ordering to vacate this sentence CF-2022-1717 for the constitutional wrongs around this conviction." Doc. 1, at 8, 11. He also asserts, "this is not an attack on [his] judgment [and] sentence, but an attack against Judge David Guten, the City of Tulsa, and the District Court . . . ." *Id.* at 11.[2]

---

[2] The undersigned construes this statement as affirming Plaintiff seeks relief under § 1983 and is not pursuing a writ of habeas corpus. *See, e.g.*, *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions.") (citation omitted).

## II. Screening.

Federal law requires the Court to screen complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss any frivolous or malicious claim, any claim asking for monetary relief from a defendant who is immune from such relief, or any claim on which the Court cannot grant relief. *Id.* § 1915A(b).

One aspect of screening is reviewing whether venue is proper "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Fratus v. DeLand*, 49 F.3d 673, 674 (10th Cir. 1995)). "[T]he court acting on its own motion[] may raise the issue of whether a change of venue would be in the interest of justice." *Love's Travel Stops & Country Stores, Inc. v. Oakview Constr., Inc.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010); *see also Trujillo*, 465 F.3d at 1222 ("A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice.").

### III. Venue lies in the Northern District of Oklahoma and a transfer is in the interest of justice.

"[T]he term 'venue' refers to the geographic specification of the proper court or courts for the litigation of a civil action . . . ." 28 U.S.C. § 1390(a). The proper venue for Plaintiff's action is in the "judicial district in which any defendant resides" or the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *Id.* § 1391(b)(1), (2); *see also Anaeme v. Florida*, 169 F. App'x 524, 527-28 (10th Cir. 2006) (applying the general venue statute, 28 U.S.C. § 1391(b), to the plaintiff's claims of constitutional violations made under 42 U.S.C. § 1983). When a case is filed in the wrong venue, the court may, "if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a); *see also id.* § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . . ."); *Anderson v. Wilkinson*, No. CIV-15-1224-W, 2016 WL 324979, at *2 n.4 (W.D. Okla. Jan. 27, 2016) ("[T]itle 28, section 1404(a) of the United States Code permits the Court to transfer an action if the parties and witnesses would not be inconvenienced and if a transfer would better serve the interest of justice.").

Plaintiff currently resides in this district. *See* Doc. 1, at 4. But he sues Defendants who are all located in Tulsa, Oklahoma. *Id.* at 4-5. And he alleges the events underlying his claims occurred there. *Id.* at 7-8, 10-11.

Oklahoma is divided into three judicial districts . . . known as the Northern, Eastern, and Western Districts of Oklahoma." 28 U.S.C. § 116. Tulsa lies within the territorial boundaries of the Northern District of Oklahoma. *See id.* § 116(a) ("The Northern District comprises the count[y] of . . . Tulsa."). So venue is proper in that district, not this one. *See* 28 U.S.C. § 1391(b).

Plaintiff could have brought this case in the Northern District. Because that is where Defendants reside and the events took place, "a transfer not only would enhance the convenience of the parties and the witnesses, but also advance the interest of justice." *Anderson*, 2016 WL 324979, at *2 n.4; *see also Bruton v. Allbaugh*, No. CIV-17-136-D, 2017 WL 1744136, at *3 (W.D. Okla. Apr. 5, 2017) (recommending transfer of an action to the district that had "significantly greater ties to the events underlying Plaintiff's claims and the persons allegedly responsible for, or having knowledge about, those events"), *adopted*, 2017 WL 1745613 (W.D. Okla. May 3, 2017).

### IV. Recommendation and notice of right to object.

The undersigned recommends the Court transfer this action under 28 U.S.C. §§ 1404(a) & 1406(a) to the United States District Court for the Northern District of Oklahoma.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court by February 14, 2025, under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 24th day of January, 2025.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE